618

PRUDENTIAL INSURANCE
COMPANY OF
AMERICA

v.

John J. MASSARO, Defendant/Third–
Party Plaintiff

v.

John Does I–X Third–Party Defendant

John J. Massaro, Appellant

No. 01–2977.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 25, 2002.

Filed July 18, 2002.

Before ALITO, AMBRO, and GARTH,
Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Prudential Insurance Company of America ("Prudential") brought this action to permanently enjoin its former in-house attorney in its Florida legal department, John Massaro, from disclosing any additional confidential or privileged information about the company. Prudential alleges that Massaro, who has already made multiple disclosures of this nature directly to Prudential's legal adversaries, has unjustifiably breached his duty as Prudential's attorney and fiduciary. The District Court agreed. It granted summary judgment to Prudential and ordered a permanent injunction to silence Massaro. We affirm.[1]

The long factual narrative of this case is well known to the parties. The central issue on appeal is whether Massaro's disclosures can be justified under the crime-fraud exception to the attorney-client privilege and the duty of confidentiality. We

1. The District Court had diversity jurisdiction under 28 U.S.C. § 1332. Following the District Court's final order on August 14, 2000, this Court has jurisdiction under 28 U.S.C. § 1291. The de novo standard of review for summary judgement is familiar to the parties.

hold that Massaro's disclosures were not justified by the crime-fraud exception.

Generally, attorneys have a duty not to disclose the confidences of their clients. The attorney-client privilege protects confidential communications made between attorney and client for the purpose of obtaining or providing legal assistance. *See Restatement of the Law (Third) Governing Lawyers* § 68 *et seq.* (*"Restatement"*). In addition, an attorney's broader duty of confidentiality covers "information relating to the representation of a client," regardless of the source of that information or its disclosure by others. *Restatement* § 59. Disclosure of this confidential information is forbidden where "there is a reasonable prospect that doing so will adversely affect a material interest of the client . . . ." *Id.* § 60. The law in Florida and in New Jersey are substantially consistent with each other and the Restatement.[2] *See* Fla. State Bar Rule 4–1.6; N.J. Rule of Prof. Conduct 1.6.

The crime-fraud exception to both the duty of confidentiality and the attorney-client privilege allows an attorney to disclose confidential information in certain circumstances. *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 90 (3d Cir.1992). In Florida, an affirmative duty to disclose privileged or confidential information arises only when necessary to prevent a crime or bodily harm. *See The Florida Bar v. Lange,* 711 So.2d 518, 519–20 (Fla. 1998). In this Circuit, use of privileged material under the crime/fraud exception requires a three-step judicial process: (1) presentation of the factual basis for a good faith belief that the exception would apply, (2) *in camera* evaluation of the material by the court, and (3) affording the party op-posed to disclosure "an absolute right to be heard by testimony and argument." *See Haines,* 975 F.2d at 96–97.

Applying the ethical rules and precedents of New Jersey, Florida, and this Circuit, the District Court thoroughly explained why, as a matter of law, Massaro could not prevail. It stated unequivocally that

> Massaro obviously complied with none of these procedural niceties designed to protect his client, Prudential, from an improvident assertion of the crime-fraud [exception to the] privilege. Massaro had no right unilaterally to invoke the crime-fraud exception; his statement to Prudential that his ethical duty compelled disclosure was completely contrary to law . . . .
>
> Absent a judicial finding [authorizing disclosure, Massaro's] confiding in attorneys adverse to Prudential, giving sworn statements to authorities investigating the company, [and] filing an affidavit in open court all were in flagrant violation of Massaro's duty as an attorney.

Appendix at 28.

We agree that Massaro cannot justify his disclosures as within the crime-fraud exception or upon any other basis. Though perhaps in good faith, his actions inexcusably contravened his ethical duties as an attorney. The grant of summary judgment to Prudential and the permanent injunction against Massaro are affirmed.

---

2. The District Court did not explicitly determine which jurisdiction's law applies to this case. Instead, it explored the law in New Jersey, Florida, and the Third Circuit, and found no differences among the jurisdictions on the points of law presented by this case. *See* Appendix at 18.